# EXHIBIT J

UNITED STATES PATENT AND TRADEMARK OFFICE

———————————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

———————————

QUALCOMM INCORPORATED,
Petitioner,

v.

DAEDALUS PRIME LLC,
Patent Owner.

———————————

Case No. IPR2023-00617
U.S. Patent No. 8,898,494

**PATENT OWNER'S PRELIMINARY RESPONSE
PURSUANT TO 37 C.F.R. § 42.107(A)**

Case No. IPR2023-00617
Patent No. 8,898,494

**TABLE OF CONTENTS**

I.    Introduction..................................................................................................1

     A.    Overview of the '494 Patent...............................................................2

II.   Overview of Select Art.................................................................................7

     A.    Overview of Bose................................................................................7

     B.    Overview of Naffziger ........................................................................8

     C.    Overview of White...............................................................................9

     D.    Overview of Simeral ...........................................................................9

III.  Ground 1 Fails ............................................................................................10

     A.    Bose does not render obvious Claim 1[d]..................................10

     B.    Bose does not render obvious Claim 1[g.ii].............................11

     C.    Bose does not render obvious Claim 1[g.iii]............................13

IV.   Ground 2 Fails ............................................................................................17

V.    Ground 3 Fails ............................................................................................17

     A.    A POSITA Would Not Have Been Motivated to Combine Bose
         with Naffziger..................................................................................17

     B.    Bose in view of Naffziger does not render obvious Claim 1[d] .20

     C.    Bose in view of Naffziger does not render obvious Claim
         1[g.ii] ..............................................................................................21

     D.    Bose in view of Naffziger does not render obvious Claim
         1[g.iii] .............................................................................................22

VI.   Ground 4 Fails .............................................................................................22

     A.    A POSITA Would Not Have Been Motivated to Combine White
         with Simeral .....................................................................................23

     B.    White in view of Simeral does not render obvious Claim 1[d] ..26

     C.    White in view of Simeral does not render obvious Claim 1[e]...27

     D.    White in view of Simeral does not render obvious Claim 1[f]...28

     E.    White in view of Simeral does not render obvious Claim
         1[g.ii] ..............................................................................................30

     F.    White in view of Simeral does not render obvious Claim
         1[g.iii] .............................................................................................32

Case No. IPR2023-00617
Patent No. 8,898,494

Conclusion ...................................................................................................33

ii

Case No. IPR2023-00617<br>Patent No. 8,898,494

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Case**

*Johns Manville Corp. v. Knauf Insulation, Inc.*,
 IPR2018-00827, Paper 9 ............................................................................19, 24

**Regulations**

37 C.F.R. § 42.24(a)..................................................................................................35

37 C.F.R. § 42.24(d) ................................................................................................35

Case No. IPR2023-00617
Patent No. 8,898,494

## I.    Introduction

U.S. Patent No. 8,898,494 (Ex-1001, "the '494 Patent") improved power management techniques in integrated circuits, such as computer processors, by balancing power allocation between processing cores and communication buses. *See, e.g.*, Ex-1001, 1:20–57. Whereas previously, power management policies were implemented separately amongst system-on-chip components (*e.g.,* each component received a power budget and implemented its own power savings techniques), or merely in a uniform blanket fashion across the integrated circuit (*e.g.,* components were uniformly capped), the inventors of the '494 Patent devised of an integrated circuit that improved system performance by balancing allocation between processing components such as a communication bus and a processor core, based on a power limit and a workload threshold comparison. *See* Ex-1001 at 1:45-56. Using the systems and methods described in the '494 Patent, processors are able to increase overall performance without increasing power consumption.

1

The cited art disclosed by Qualcomm Incorporated ("Petitioner"[1]) fails to render obvious the claims of the '494 Patent, and the Petition should be denied in its entirety[2].

## A. Overview of the '494 Patent

The '494 Patent describes a processor that efficiently balances performance and power between one or more cores and a communication bus based on measured workloads to increase system performance while operating within thermal limits. Ex-1001, Abstract, 15:4-21.

For example, the '494 Patent describes that if the workload of one component in a processor system is too high, then that component's frequency/power may be increased. Ex-1001, 17:8–11. The '494 Patent explains that a component's "workload" is its processing activity:

---

[1] As filed, the Petition identified Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") along with Qualcomm Incorporated as Petitioners. However, on June 2, 2023, Patent Owner and Petitioner Samsung jointly moved to terminate as to Samsung. Paper No. 10. On June 27, 2023, The Board granted the motion and terminated the proceedings as to Samsung, and noted that Qualcomm Incorporated would remain as Petitioner. Paper No. 11.

[2] Petitioner challenges independent claim 1 as allegedly obvious only in Grounds 1, 3, and 4. Thus, this Preliminary Response primarily addresses those Grounds; each of the challenged dependent claims is non-obvious at least because it depends from a non-obvious independent claim. Patent Owner reserves the right to address all arguments made in the Petition, including those made for other Grounds, in further briefing.

2

> Determining a workload includes any known method for determining activity of hardware, a workload of software, a number of instructions executed or to execute, or any other metric for determining use of a processing element. As one example, a workload for core 505 includes an amount time core 505 is active during a period of time.

Ex-1001, 9:47-57. The inventors of the '494 Patent thus determined that—contrary to prior power management approaches which would cap or cut power supplied to high-activity processor elements (because those are the elements consuming high power)—*increasing* power supplied to high-activity elements improves overall system functionality by reducing bottlenecking. However, because the amount of power available within an integrated circuit is limited, the increase in power supplied (e.g., by increasing frequency) to high-activity processor components must come from a limited power budget. The inventors of the '494 Patent therefore determined that the power allocation must be tuned between the components. The '494 Patent thus explains:

> In one embodiment, power control module 160, which may include hardware, firmware, software, or a combination thereof, is able to balance and allocate power/frequency between devices of IC 100 to achieve maximum performance; even when IC 100 is under a power limit. Additionally, such allocation, in one scenario,

3

should or could be implemented according to known methods. For example, White does not even disclose dynamic tuning of power allocations between components, as discussed above, let alone that this could be done in combination with other methods.

## <u>CONCLUSION</u>

For at least the foregoing reasons, the Petition does not meet its burden of demonstrating a reasonable likelihood that Petitioner would prevail with respect to any of the challenged claims. Accordingly, Patent Owner respectfully requests that the Board deny institution.

Dated: August 14, 2023                          Respectfully submitted,

                                            */Peter F. Snell/*
                                            _____
                                            Peter F. Snell (Reg. No. 52,235)
                                            MINTZ, LEVIN, COHN, FERRIS,
                                            GLOVSKY AND POPEO, P.C.
                                            919 Third Avenue
                                            New York, New York 10022
                                            Telephone: 212-935-3000
                                            Facsimile: 212-983-3115
                                            E-mails:
                                            PFSnell@mintz.com

33

Case No. IPR2023-00617
Patent No. 8,898,494

## <u>CERTIFICATE OF WORD COUNT</u>

The undersigned certifies pursuant to 37 C.F.R. § 42.24(d) that the foregoing Patent Owner Preliminary Response, excluding any table of contents, table of authorities, certificates of service or word count, or appendix of exhibits or claim listing, contains 7,044 words according to the word-processing program used to prepare this paper (Microsoft Word). Patent Owner certifies that this Patent Owner Preliminary Response does not exceed the applicable type-volume limit of 37 C.F.R. § 42.24(a).

Dated: August 14, 2023                    */Peter F. Snell/*

                                         Peter F. Snell (Reg. No. 52,235)

34

Case No. IPR2023-00617
Patent No. 8,898,494

# <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of Patent Owner's Preliminary Response is being served

by electronic mail on the following counsel of record:

**Lead Counsel**
William M. Fink, (Reg. No. 72,332)
O'MELVENY & MYERS LLP.
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: tfink@omm.com

**Backup Counsel**
Daniel Leventhal (Reg. No. 59,576)
Richard Zembek (Reg. No. 43,306)
Darren Smith (Reg No. 64,261)
NORTON ROSE FULBRIGHT
1301 McKinney, Suite 5100
Houston, TX 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
Emails:
daniel.leventhal@nortonrosefulbright.com
richard.zembek@nortonrosefulbright.com
Darren.smith@nortonrosefulbright.com

Eagle H. Robinson (Reg No. 61,361)
NORTON ROSE FULBRIGHT
98 San Jacinto Blvd., Suite 1100
Austin, TX 78701
Telephone: (512) 474-5201
Facsimile: (512) 536-4598
Email:
eagle.robinson@nortonrosefulbright.com

*Counsel for Petitioner Qualcomm Incorporated*

Dated: August 14, 2023

/*Peter F. Snell*/
Peter F. Snell (Reg. No. 52,235)