# EXHIBIT K

Trials@uspto.gov                                                Paper 21
571-272-7822                                          Date: January 8, 2025

UNITED STATES PATENT AND TRADEMARK OFFICE

————————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

————————

MERCEDES-BENZ USA, LLC,
Petitioner,

v.

DAEDALUS PRIME LLC,
Patent Owner.

————————

IPR2023-01343
Patent 8,898,494 B2

————————

Before WILLIAM V. SAINDON, THOMAS L. GIANNETTI, and
GREGG I. ANDERSON, *Administrative Patent Judges*.

GIANNETTI, *Administrative Patent Judge*.

JUDGMENT
Final Written Decision
Determining No Challenged Claims Unpatentable
*35 U.S.C. § 318(a)*

IPR2023-01343
Patent 8,898,494 B2

## I.    INTRODUCTION

### A. Background

Mercedes-Benz USA, LLC ("Petitioner") filed a Petition requesting *inter partes* review of claims 1–7, 13–15, 17, and 18 (the "challenged claims") of U.S. Patent No. 8,898,494 B2 (Ex. 1001, the "'494 patent"). Paper 2 ("Pet."), 1.  Daedalus Prime LLC ("Patent Owner") waived filing of a preliminary response.  Paper 6.

We determined that Petitioner established a reasonable likelihood that it would prevail with respect to at least one claim challenged in the Petition. Paper 7 ("Institution Dec.").  We therefore instituted *inter partes* review as to all of the challenged claims of the '494 patent and all of the asserted grounds of unpatentability.  *See SAS Inst. Inc. v Iancu*, 138 S. Ct. 1348, 1356 (2018); 37 C.F.R. § 42.108 (a) ("When instituting *inter partes* review, the Board will authorize the review to proceed on all of the challenged claims and on all grounds of unpatentability asserted for each claim.").

Following institution of the trial, Patent Owner filed a Response (Paper 10, "PO Resp."), Petitioner filed a Reply (Paper 13, "Pet. Reply"), and Patent Owner filed a Sur-reply (Paper 14, "PO Sur-reply").

An oral hearing was held on November 13, 2024.  A transcript of the hearing is part of the record.  Paper 20 ("Hearing Tr.").

We have jurisdiction under 35 U.S.C. § 6.  This decision is a Final Written Decision issued pursuant to 35 U.S.C. § 318(a).  For the reasons we discuss below, we determine that Petitioner has not proven by a preponderance of the evidence that any of the challenged claims of the '494 patent are unpatentable.

IPR2023-01343
Patent 8,898,494 B2

### B. Related Proceedings

The parties identify the following district court and ITC proceedings involving the '494 patent: (1) *Daedalus Prime LLC v. Arrow Electronics, Inc.*, 1:22-cv-01107 (D. Del.); (2) *Daedalus Prime LLC v. Mazda Motor Corporation*, 1:22-cv-01109 (D. Del.); (3) *Daedalus Prime LLC v. Mazda Motor Corporation*, 1:22-cv-01108 (D. Del.); (4) *Daedalus Prime LLC v. Samsung Electronics Co., Ltd.*, 2:22-cv-00352 (E.D. Tex.); (5) *Certain Integrated Circuits, Mobile Devices Containing the Same, and Components Thereof*, Inv. No. 337-TA-1335 (USITC); and (6) *Certain Semiconductors and Devices and Products Containing the Same, Including Printed Circuit Boards, Automotive Parts, and Automobiles*, Inv. No. 337-TA-1332 (USITC). Pet. 1–5; Paper 3, 2.

The '494 patent also was involved in IPR2023-00617, now terminated. Pet. 5; Paper 3, 3.

### C. Real Parties-in-Interest

Petitioner identifies the following real parties-in-interest: Mercedes-Benz USA, LLC; Mercedes-Benz Group AG; Mercedes-Benz AG; and Mercedes-Benz Intellectual Property GmbH & Co. KG. Pet. 1. Patent Owner identifies Daedalus Prime LLC as the real party-in-interest. Paper 3, 2.

### D. The '494 Patent

The '494 patent is titled "Power Budgeting Between a Processing Core, a Graphics Core, and a Bus on an Integrated Circuit When a Limit is Reached." Ex. 1001, (54). The '494 patent relates to an apparatus, method, and system for efficiently balancing performance and power between

3

IPR2023-01343
Patent 8,898,494 B2

processing elements or a communication bus by identifying and alleviating bottlenecks based on measured workloads. *Id.* at Abstract, 1:12–16. Bottlenecks can occur at the level of processing elements, such as a CPU or GPU, or at a communication bus, and can cause applications to slow down. *Id.* at 15:8–21, 17:4–7. The '494 patent describes alleviating bottlenecks by allocating more current or frequency to the bottlenecked component and capping or limiting competing devices. This strikes a dynamic balance between devices so that a device that needs more resources for better overall performance is allocated extra resources, while other devices are reduced in performance to meet a given power limit. *Id.* at 7:51–61, 17:4–41.

### E. Illustrative Claims

The Petition challenges claims 1–7, 13–15, 17, and 18, of which claims 1 and 4 are independent. Claim 1 is illustrative of the claimed subject matter and is reproduced below:[1]

1. A processor comprising:

1[a] an integrated circuit including:

1[b] a first core;

1[c] a cache memory;

1[d] a communication bus coupled to the first core, the communication bus to connect the first core and the cache memory;

1[e] a core workload monitor configured to determine a core workload for the first core;

---

[1] Paragraph labeling is based on labeling provided by Petitioner.

IPR2023-01343
Patent 8,898,494 B2

PETITIONER:

Celine J. Crowson
Joseph J. Raffetto
Scott Hughes
Helen Y. Trac
Ryan Stephenson
Nicholas Rotz
HOGAN LOVELLS US LLP
celine.crowson@hoganlovells.com
joseph.raffetto@hoganlovells.com
scott.hughes@hoganlovells.com
helen.trac@hoganlovells.com
ryan.stephenson@hoganlovells.com
nicholas.rotz@hoganlovells.com

PATENT OWNER:

Tarek N. Fahmi
Jonathan Tsao
ASCENDA LAW GROUP, PC
tarek.fahmi@ascendalaw.com
jonathan.tsao@ascendalaw.com