# EXHIBIT L

Trials@uspto.gov
571-272-7822

Paper 13
Entered: October 11, 2023

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

QUALCOMM INCORPORATED,
Petitioner,

v.

DAEDALUS PRIME LLC,
Patent Owner.

_____

IPR2023-00617
Patent 8,898,494 B2

_____

Before WILLIAM V. SAINDON, THOMAS L. GIANNETTI, and
KRISTI L. R. SAWERT, *Administrative Patent Judges*.

GIANNETTI, *Administrative Patent Judge*.

DECISION
Granting Institution of *Inter Partes* Review
*35 U.S.C. § 314*

IPR2023-00617
Patent 8,898,494 B2

## I.   INTRODUCTION

### A.  Background

Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. (collectively, "Samsung"), and Qualcomm, Inc. filed a Petition requesting *inter partes* review of claims 1, 3, 12, 14, and 15 (the "challenged claims") of U.S. Patent No. 8,898,494 B2 (Ex. 1001, the "'494 patent").  Paper 4 ("Pet.").  With our authorization, Samsung and Daedalus Prime LLC ("Patent Owner") filed a Joint Motion to Terminate as to Samsung.  Paper 10.  We granted the Joint Motion to Terminate and Samsung was terminated from the proceeding.  Paper 11.[1]  The proceeding is now maintained between Patent Owner and Qualcomm, Inc. ("Petitioner").  *See id.* Following the termination of Samsung, Patent Owner filed a Preliminary Response.  Paper 12 ("Prelim. Resp.").

For the reasons stated below, we determine that Petitioner has established a reasonable likelihood that it would prevail with respect to at least one claim.  We therefore institute *inter partes* review as to all of the challenged claims of the '494 patent and all of the asserted grounds of unpatentability.

### B.  Related Proceedings

The parties identify the following district court and ITC proceedings involving the '494 patent:  (1) *Daedalus Prime LLC v. Arrow Electronics, Inc.*, 1:22-cv-01107 (D. Del.); (2) *Daedalus Prime LLC v. Mazda Motor Corporation*, 1:22-cv-01109 (D. Del.); (3) *Daedalus Prime LLC v. Mazda*

---

[1] The caption of this proceeding has been changed to reflect this termination.

IPR2023-00617
Patent 8,898,494 B2

*Motor Corporation*, 1:22-cv-01108 (D. Del.); (4) *Daedalus Prime LLC v. Samsung Electronics Co., Ltd.*, 2:22-cv-00352 (E.D. Tex.); (5) *Certain Integrated Circuits, Mobile Devices Containing the Same, and Components Thereof*, Inv. No. 337-TA-1335 (USITC); and (6) *Certain Semiconductors and Devices and Products Containing the Same, Including Printed Circuit Boards, Automotive Parts, and Automobiles*, Inv. No. 337-TA-1332 (USITC).  Pet. 2–3; Paper 6, 1.

### C.  Real Parties-in-Interest

Petitioner identifies the following real parties-in-interest: Qualcomm Incorporated and Qualcomm Technologies, Inc.  Pet. 2.

Without conceding that any such party is a Real Party-in-Interest, Petitioner further identifies Mazda Motor Corporation, Mazda North American Operations, Mazda Motor of America, Inc., Mercedes-Benz Group AG, Mercedes-Benz AG, Mercedes-Benz USA, LLC, and Visteon Corporation as parties that Patent Owner has accused of infringing the '494 Patent based on incorporation of Qualcomm products in *Daedalus Prime LLC v. Mazda Motor Corporation*, 1:22-cv-01109 (D. Del.) and *Certain Semiconductors and Devices and Products Containing the Same, Including Printed Circuit Boards, Automotive Parts, and Automobiles*, Inv. No. 337-TA-1332 (USITC).  *Id.*

At this stage, neither party challenges those identifications.

### D. The '494 Patent

The '494 patent is titled "Power Budgeting Between a Processing Core, a Graphics Core, and a Bus on an Integrated Circuit When a Limit is Reached."  Ex. 1001, (54).  The '494 patent relates to an apparatus, method,

IPR2023-00617
Patent 8,898,494 B2

and system for efficiently balancing performance and power between processing elements or a communication bus by identifying and alleviating bottlenecks based on measured workloads. *Id.* at Abstract, 1:12–16. Bottlenecks can occur at the level of processing elements such as a CPU or GPU, or at a communication bus, and can cause applications to slow down. *Id.* at 15:8–21, 17:4–7. The '494 patent describes alleviating bottlenecks by allocating more current or frequency to the bottleneck component and capping or limiting competing devices. This strikes a dynamic balance between devices so that a device that needs more resources for better overall performance is allocated extra resources, while other devices are reduced in performance to meet a given power limit. *Id.* at 7:51–61, 17:4–41.

### E.  Illustrative Claims

The Petition challenges claims 1, 3, 12, 14, and 15, of which claim 1 is independent. Claim 1 is illustrative of the claimed subject matter and reproduced below:[2]

1. A processor comprising:

1[a] an integrated circuit including:

1[b] a first core;

1[c] a cache memory;

1[d] a communication bus coupled to the first core, the communication bus to connect the first core and the cache memory;

1[e] a core workload monitor configured to determine a core workload for the first core;

---

[2] Paragraph labeling has been added based on those provided by Petitioner.

IPR2023-00617
Patent 8,898,494 B2

For PETITIONER:

William M. Fink
Benjamin Haber
Nicholas J. Whilt
Brian Cook
O'MELVENY & MYERS LLP
tfink@omm.com
bhaber@omm.com
nwhilt@omm.com
bcook@omm.com

Daniel Leventhal
Richard Zembek
Darren Smith
Eagle H. Robinson
Han Ling
NORTON ROSE FULBRIGHT
daniel.leventhal@nortonrosefulbright.com
richard.zembek@nortonrosefulbright.com
darren.smith@nortonrosefulbright.com
eagle.robinson@nortonrosefulbright.com
lu.ling@nortonrosefulbright.com

For PATENT OWNER:

Peter F. Snell
Adam Rizk
Michael T. Renaud
Serge Subach
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
pfsnell@mintz.com
arizk@mintz.com
mtrenaud@mintz.com
ssubach@mintz.com

34