# EXHIBIT M

Trials@uspto.gov                                                                    Paper 7
571-272-7822                                              Entered: February 13, 2024

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

MERCEDES BENZ USA, LLC,
Petitioner,

v.

DAEDALUS PRIME LLC,
Patent Owner.

_____

IPR2023-01343
Patent 8,898,494 B2

_____

Before WILLIAM V. SAINDON, THOMAS L. GIANNETTI, and
GREGG I. ANDERSON, *Administrative Patent Judges*.

GIANNETTI, *Administrative Patent Judge*.

DECISION
Granting Institution of *Inter Partes* Review
*35 U.S.C. § 314*

IPR2023-01343
Patent 8,898,494 B2

## I.    INTRODUCTION

### A.  Background

Mercedes-Benz USA, LLC ("Petitioner") filed a Petition requesting *inter partes* review of claims 1–7, 13–15, 17, and 18 (the "challenged claims") of U.S. Patent No. 8,898,494 B2 (Ex. 1001, the "'494 patent"). Paper 2 ("Pet."), 1.  Daedalus Prime LLC ("Patent Owner") has waived filing of a preliminary response.  Paper 6.

For the reasons stated below, we determine that Petitioner has established a reasonable likelihood that it would prevail with respect to at least one claim.  *See* 35 U.S.C. § 314(a) (*inter partes* review may not be instituted unless "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition.") We therefore institute *inter partes* review as to all of the challenged claims of the '494 patent and all asserted grounds of unpatentability.  *See SAS Inst. Inc. v Iancu*, 138 S.Ct. 1348, 1356 (2018); 37 C.F.R. § 42.108(a) ("When instituting inter partes review, the Board will authorize the review to proceed on all of the challenged claims and on all grounds of unpatentability asserted for each claim.").

### B.  Related Proceedings

The parties identify the following district court and ITC proceedings involving the '494 patent:  (1) *Daedalus Prime LLC v. Arrow Electronics, Inc.*, 1:22-cv-01107 (D. Del.); (2) *Daedalus Prime LLC v. Mazda Motor Corporation*, 1:22-cv-01109 (D. Del.); (3) *Daedalus Prime LLC v. Mazda Motor Corporation*, 1:22-cv-01108 (D. Del.); (4) *Daedalus Prime LLC v. Samsung Electronics Co., Ltd.*, 2:22-cv-00352 (E.D. Tex.); (5) *Certain*

IPR2023-01343
Patent 8,898,494 B2

*Integrated Circuits, Mobile Devices Containing the Same, and Components Thereof*, Inv. No. 337-TA-1335 (USITC); and (6) *Certain Semiconductors and Devices and Products Containing the Same, Including Printed Circuit Boards, Automotive Parts, and Automobiles*, Inv. No. 337-TA-1332 (USITC).  Pet. 1–5; Paper 3, 2.

The '494 patent also was involved in IPR2023-00717, now terminated.  Pet. 5; Paper 3, 3.

### C.  Real Parties-in-Interest

Petitioner identifies the following real parties-in-interest:  Mercedes-Benz USA, LLC; Mercedes-Benz Group AG; Mercedes-Benz AG; and Mercedes-Benz Intellectual Property GmbH & Co. KG.  Pet. 1.  Patent Owner identifies Daedalus Prime LLC as the real party-in-interest.  Paper 3, 2.  At this stage, neither party challenges those identifications.

### D.  The '494 Patent

The '494 patent is titled "Power Budgeting Between a Processing Core, a Graphics Core, and a Bus on an Integrated Circuit When a Limit is Reached."  Ex. 1001, (54).  The '494 patent relates to an apparatus, method, and system for efficiently balancing performance and power between processing elements or a communication bus by identifying and alleviating bottlenecks based on measured workloads.  *Id.* at Abstract, 1:12–16.  Bottlenecks can occur at the level of processing elements such as a CPU or GPU, or at a communication bus, and can cause applications to slow down.  *Id.* at 15:8–21, 17:4–7.  The '494 patent describes alleviating bottlenecks by allocating more current or frequency to the bottlenecked component and capping or limiting competing devices.  This strikes a dynamic balance

3

IPR2023-01343
Patent 8,898,494 B2

between devices so that a device that needs more resources for better overall performance is allocated extra resources, while other devices are reduced in performance to meet a given power limit. *Id.* at 7:51–61, 17:4–41.

### E. Illustrative Claims

The Petition challenges claims 1–7, 13–15, 17, and 18, of which claims 1 and 4 are independent. Claim 1 is illustrative of the claimed subject matter and reproduced below:[1]

1. A processor comprising:

1[a] an integrated circuit including:

1[b] a first core;

1[c] a cache memory;

1[d] a communication bus coupled to the first core, the communication bus to connect the first core and the cache memory;

1[e] a core workload monitor configured to determine a core workload for the first core;

1[f] a bus workload monitor configured to determine a bus workload for the communication bus; and

1[g] balancing control adapted to receive the bus workload from the bus workload monitor and

to dynamically tune power allocation between the first core and the communication bus based on a power limit for the integrated circuit and

a comparison between the bus workload and a bus workload threshold, the power limit corresponding to a maximum thermal dissipation capacity for the integrated circuit,

---

[1] Paragraph labeling is based on those provided by Petitioner.

IPR2023-01343
Patent 8,898,494 B2

For PETITIONER:

Celine J. Crowson
Joseph J. Raffetto
Scott Hughes
Helen Y. Trac
Ryan Stephenson
Nicholas Rotz
HOGAN LOVELLS US LLP
celine.crowson@hogan.com
joseph.raffetto@hoganlovells.com
scott.hughes@hoganlovells.com
helen.trac@hoganlovells.com
ryan.stephenson@hoganlovells.com
nicholas.rotz@hoganlovells.com


For PATENT OWNER:

Tarek N. Fahmi
Jonathan Tsao
ASCENDA LAW GROUP, PC
tarek.fahmi@ascendalaw.com
jonathan.tsao@ascendalaw.com
patents@ascendalaw.com

23