# EXHIBIT D

PTO/SB/25 (08-11)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| TERMINAL DISCLAIMER TO OBVIATE A PROVISIONAL DOUBLE PATENTING REJECTION OVER A PENDING "REFERENCE" APPLICATION | Docket Number (Optional) ITL.3139P1US (P38525X) |
|---|---|

In re Application of: Schluessler, et al.

Application No.: 13/398,641

Filed: February 16, 2012

For: METHOD, APPARATUS, AND SYSTEM FOR ENERGY EFFICIENCY AND ENERGY CONSERVATION INCLUDING POWER AND PERFORMANCE BALANCING BETWEEN MULTIPLE PROCESSING ELEMENTS AND/OR A COMMUNICATION BUS

The owner*, Intel Corporation _____, of ___100___ percent interest in the instant application hereby disclaims, except as provided below, the terminal part of the statutory term of any patent granted on the instant application which would extend beyond the expiration date of the full statutory term of any patent granted on pending **reference** Application Number 13/327,670 _____, filed December 15, 2011 _____, as the term of any patent granted on said **reference** application may be shortened by any terminal disclaimer filed prior to the grant of any patent on the pending **reference** application. The owner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and any patent granted on the **reference** application are commonly owned. This agreement runs with any patent granted on the instant application and is binding upon the grantee, its successors or assigns.

In making the above disclaimer, the owner does not disclaim the terminal part of any patent granted on the instant application that would extend to the expiration date of the full statutory term of any patent granted on said **reference** application, "as the term of any patent granted on said **reference** application may be shortened by any terminal disclaimer filed prior to the grant of any patent on the pending **reference** application," in the event that: any such patent: granted on the pending **reference** application: expires for failure to pay a maintenance fee, is held unenforceable, is found invalid by a court of competent jurisdiction, is statutorily disclaimed in whole or terminally disclaimed under 37 CFR 1.321, has all claims canceled by a reexamination certificate, is reissued, or is in any manner terminated prior to the expiration of its full statutory term as shortened by any terminal disclaimer filed prior to its grant.

Check either box 1 or 2 below, if appropriate.

1. ☐ For submissions on behalf of a business/organization (e.g., corporation, partnership, university, government agency, etc.), the undersigned is empowered to act on behalf of the business/organization.

    I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

2. ☑ The undersigned is an attorney or agent of record.  Reg. No. 42117 _____

| _____ | _____ |
| Signature | Date  1/3/14 |

Mark J. Rozman
Typed or printed name

512-418-9944
Telephone Number

☑ Terminal disclaimer fee under 37 CFR 1.20(d) is included.

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

*Statement under 37 CFR 3.73(b) is required if terminal disclaimer is signed by the assignee (owner). Form PTO/SB/96 may be used for making this statement. See MPEP § 324.

This collection of information is required by 37 CFR 1.321. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PUB_GOOGLE00001478

## REMARKS/ARGUMENTS

The specification has been amended such that the drawings are co-extensive with the specification and thus it is respectfully submitted that the objection to the drawings is overcome.

Provided herewith is a new title and thus it is respectfully submitted that the objection to the title is overcome.

Provided herewith is a Terminal Disclaimer and thus it is respectfully submitted that the non-statutory double patenting rejection is overcome.

Claims 6-9 have been amended to clarify that the medium is a non-transitory storage medium and as such, the §101 rejection is overcome.

Pending claims 1, 3-6 and 9-13 stand rejected under 35 U.S.C. §103(a) over U.S. Publication No. 2008/0104428 (Naffziger) and further in view of U.S. Patent No. 5,758,133 (Evoy). Applicants respectfully traverse the rejection. As to claim 1, the art, alone and in combination, fails to anywhere teach or suggest the recited balancing control that is adapted to receive a bus workload and to dynamically tune power allocation based on a power limit and a comparison between the bus workload and a bus workload threshold.

Here, the Office Action concedes that the primary reference Naffziger fails to anywhere address this bus workload matter whatsoever. Instead, reliance is on the secondary reference Evoy. However, Evoy fails to teach or suggest the arrangement in claim 1. Rather, all that is taught in Evoy is that a bus speed can be reduced based on an idleness of the bus. Yet this idleness is not a bus workload determined by a bus workload monitor. Nor is there any teaching or suggestion of comparison between a bus workload and a bus workload threshold.

Furthermore, even when combined the references fail to teach or suggest that this power allocation also be based on a power limit that corresponds to a thermal dissipation capacity for an integrated circuit. Here, all that the Office Action refers to is paragraphs 13 and 14 of Naffziger, which simply teaches that a processor has an available power level. But nothing in the reference anywhere teaches or suggests that this corresponds to a thermal dissipation capacity. Accordingly, for all these reasons claim 1 and the claims depending therefrom are patentable over the cited art.

Regarding independent claim 6 the art fails to teach or suggest the arrangement of the claim. This is the case, at least because even assuming that Naffziger and Evoy are combined, there is absolutely nothing to recommend capping both a bus frequency and a frequency of a

8

PUB_GOOGLE00001479

second processing element in response to determining that a first processing element workload indicates that that processing element is a performance bottleneck. Here, neither of the references anywhere teach or suggest such capping in response to determination of a performance bottleneck.

Rather in Naffziger all that is taught is that a processor is provided a higher operating frequency if it is currently operating at less than a requested frequency for the processor. But this does not meet the subject matter regarding performance bottleneck determination. And even when combined, this subject matter regarding capping of both bus frequency and other processing element frequency is nowhere taught or suggested, in that Evoy simply is concerned with bus speed based on bus utilization only, and nowhere addresses anything with regard to processing elements, and certainly not any determination of performance bottleneck as set forth in the claim. Accordingly, claim 6 and its dependent claims are patentable over the cited art.

Regarding independent claim 11, the cited art fails to teach or suggest, at least, that a maximum allowed frequency for a communication bus is adjusted by multiple steps and a maximum allowed frequency for a central processor is adjusted by a step. Here, none of the references anywhere teach or suggest any type of step control, and certainly not where one adjustment is by multiple steps and another adjustment is by a step. Accordingly, claim 10 and its dependent claims are patentable over the cited art.

New claims 14-20 are patentable for at least the same reasons as the independent claims.

In view of these remarks, the application is now in condition for allowance and the Examiner's prompt action in accordance therewith is respectfully requested. The Commissioner is authorized to charge any additional fees or credit any overpayment to Deposit Account No. 20-1504.

Date: January 3, 2014

Respectfully submitted,
/Mark J. Rozman/
Mark J. Rozman
Registration No. 42,117
TROP, PRUNER & HU, P.C.
1616 S. Voss Road, Suite 750
Houston, Texas 77057-2631
(512) 418-9944 [Phone]
(713) 468-8883 [Fax]
Customer No.: 47795

9

PUB_GOOGLE00001480