# EXHIBIT P

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE PATENT TRIAL AND APPEAL BOARD

---

QUALCOMM INCORPORATED,
Petitioner,

v.

DAEDALUS PRIME LLC,
Patent Owner.

---

Case No. IPR2023-00617
U.S. Patent No. 8,898,494

**PATENT OWNER'S PRELIMINARY RESPONSE
PURSUANT TO 37 C.F.R. § 42.107(A)**

Case No. IPR2023-00617
Patent No. 8,898,494

**TABLE OF CONTENTS**

I.    Introduction.................................................................................1

    A.    Overview of the '494 Patent.........................................2

II.    Overview of Select Art...............................................................7

    A.    Overview of Bose.........................................................7

    B.    Overview of Naffziger .................................................8

    C.    Overview of White........................................................9

    D.    Overview of Simeral ....................................................9

III.    Ground 1 Fails .........................................................................10

    A.    Bose does not render obvious Claim 1[d].................10

    B.    Bose does not render obvious Claim 1[g.ii].............11

    C.    Bose does not render obvious Claim 1[g.iii].............13

IV.    Ground 2 Fails .........................................................................17

V.    Ground 3 Fails .........................................................................17

    A.    A POSITA Would Not Have Been Motivated to Combine Bose with Naffziger................................................................17

    B.    Bose in view of Naffziger does not render obvious Claim 1[d] .20

    C.    Bose in view of Naffziger does not render obvious Claim 1[g.ii] ................................................................21

    D.    Bose in view of Naffziger does not render obvious Claim 1[g.iii] ................................................................22

VI.    Ground 4 Fails .........................................................................22

    A.    A POSITA Would Not Have Been Motivated to Combine White with Simeral ................................................................23

    B.    White in view of Simeral does not render obvious Claim 1[d] ..26

    C.    White in view of Simeral does not render obvious Claim 1[e]...27

    D.    White in view of Simeral does not render obvious Claim 1[f]...28

    E.    White in view of Simeral does not render obvious Claim 1[g.ii] ................................................................30

    F.    White in view of Simeral does not render obvious Claim 1[g.iii] ................................................................32

Case No. IPR2023-00617
Patent No. 8,898,494

Conclusion ..................................................................................................33

Case No. IPR2023-00617
Patent No. 8,898,494

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Case**

*Johns Manville Corp. v. Knauf Insulation, Inc.*,
  IPR2018-00827, Paper 9 ..............................................................................19, 24

**Regulations**

37 C.F.R. § 42.24(a) ........................................................................................35

37 C.F.R. § 42.24(d) .......................................................................................35

iii

## B. Bose does not render obvious Claim 1[g.ii]

Petitioner fails to demonstrate that Bose discloses or suggests "dynamically tune power allocation between the first core and the communication bus based on a power limit for the integrated circuit" as claimed.

For example, Petitioner asserts that Bose discloses that "the global PMCU 110 will choose the power modes and assign power for each core element," but fails to demonstrate that Bose discloses tuning power allocation "between" the components as claimed. For example, Petitioner merely asserts that "a POSITA would have understood such power optimizations as the global PMCU dynamically tuning power allocation" and that "the peak temperature limit of the chip" discloses the power limit for the integrated circuit. Pet., p.32. However, adjusting the cores, the L2/L3 cache, and the interconnect "such that all elements can run at the highest possible performance within the budget" is not "dynamically tun[ing] power allocation *between* the first core and the communication bus" as claimed. For example, tuning allocation between components involves adjusting the distribution amongst them, not merely adjusting them both the same way in the same amount. As the '494 Patent explains, "a dynamic balance is continuously stuck between devices to ensure the device that needs more resources for better overall performance is allocated such extra resources, while other devices are 'balanced' (reduced in performance) to meet a given power limit." Ex-1001, 7:40-61.

11

been implemented by applying Simeral's technique of measuring the bus's activity, corresponding to the bus's power consumption, in White's power management logic 200," as opposed to, for example, the opposite approach.

### E. White in view of Simeral does not render obvious Claim 1[g.ii]

Petitioner failed to demonstrate that White in view of Simeral discloses or suggests "dynamically tune power allocation between the first core and the communication bus based on a power limit for the integrated circuit" as claimed.

For example, Petitioner asserts that White discloses that power management logic can control the voltage and/or frequency of the cores or the bridge logic, but fails to demonstrate that White discloses tuning power allocation "between" them as claimed. For example, Petitioner merely asserts that "temperature control logic 210 may be configured to reduce the operating frequency for one or more of the logic cores" and that "such adjustments may apply to the common bridge logic because adjusting voltages and frequencies used by common bridge logic may be included as part of changing the operating characteristics (i.e., voltage and frequency) of the logic cores." Pet., p.78. However, adjusting the cores and bridge logic downward together is not the same as "dynamically tun[ing] power allocation ***between*** the first core and the communication bus" as claimed. For example, tuning allocation between components involves adjusting the distribution amongst them, not merely adjusting them both the same way in the same amount. As the '494 Patent explains:

30

should or could be implemented according to known methods. For example, White does not even disclose dynamic tuning of power allocations between components, as discussed above, let alone that this could be done in combination with other methods.

## CONCLUSION

For at least the foregoing reasons, the Petition does not meet its burden of demonstrating a reasonable likelihood that Petitioner would prevail with respect to any of the challenged claims. Accordingly, Patent Owner respectfully requests that the Board deny institution.

Dated: August 14, 2023                    Respectfully submitted,

*/Peter F. Snell/*
Peter F. Snell (Reg. No. 52,235)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
919 Third Avenue
New York, New York 10022
Telephone: 212-935-3000
Facsimile: 212-983-3115
E-mails:
PFSnell@mintz.com

33

Case No. IPR2023-00617
Patent No. 8,898,494

## CERTIFICATE OF WORD COUNT

The undersigned certifies pursuant to 37 C.F.R. § 42.24(d) that the foregoing Patent Owner Preliminary Response, excluding any table of contents, table of authorities, certificates of service or word count, or appendix of exhibits or claim listing, contains 7,044 words according to the word-processing program used to prepare this paper (Microsoft Word). Patent Owner certifies that this Patent Owner Preliminary Response does not exceed the applicable type-volume limit of 37 C.F.R. § 42.24(a).

Dated: August 14, 2023                        */Peter F. Snell/*

Peter F. Snell (Reg. No. 52,235)

34

Case No. IPR2023-00617
Patent No. 8,898,494

## CERTIFICATE OF SERVICE

I certify that a copy of Patent Owner's Preliminary Response is being served

by electronic mail on the following counsel of record:

**Lead Counsel**
William M. Fink, (Reg. No. 72,332)
O'MELVENY & MYERS LLP.
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: tfink@omm.com

**Backup Counsel**
Daniel Leventhal (Reg. No. 59,576)
Richard Zembek (Reg. No. 43,306)
Darren Smith (Reg No. 64,261)
NORTON ROSE FULBRIGHT
1301 McKinney, Suite 5100
Houston, TX 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
Emails:
daniel.leventhal@nortonrosefulbright.com
richard.zembek@nortonrosefulbright.com
Darren.smith@nortonrosefulbright.com

Eagle H. Robinson (Reg No. 61,361)
NORTON ROSE FULBRIGHT
98 San Jacinto Blvd., Suite 1100
Austin, TX 78701
Telephone: (512) 474-5201
Facsimile: (512) 536-4598
Email:
eagle.robinson@nortonrosefulbright.com

*Counsel for Petitioner Qualcomm Incorporated*

Dated: August 14, 2023

/*Peter F. Snell*/
Peter F. Snell (Reg. No. 52,235)