**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| DAEDALUS PRIME LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 7:25-cv-00313-DC-DTG |
| | § | |
| v. | § | Jury Trial Demanded |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## STIPULATED SECOND AMENDED PROTECTIVE ORDER

WHEREAS, Plaintiff Daedalus Prime LLC and Defendant Google LLC, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL."  The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.      Any document produced before issuance of this Order, including pursuant to the Court's Order Governing Proceedings - Patent Case, with the designation "Confidential" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order and

1

any such documents produced with the designation "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order. Any such document produced before issuance of this Order, including pursuant to the Court's Order Governing Proceedings - Patent Case, with the designation "CONFIDENTIAL - SOURCE CODE" shall receive the same treatment as if designated "CONFIDENTIAL - SOURCE CODE" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3.      With respect to documents, information, or material designated "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" ("DESIGNATED MATERIAL"),[1]  subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE," individually and collectively.

4.      A designation of Protected Material (i.e., "CONFIDENTIAL," "CONFIDENTIAL -ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5.      "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 15 herein:

    a)      Outside counsel of record in this Action for the Parties.

    b)      Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

    c)      Up to two in-house counsel for the Parties who are members in good standing of at least one state bar and have responsibility for making decisions dealing directly with the litigation of this Action.

    d)      Outside consultants or experts retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties or of an

3

affiliate of a Party hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment, at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order.

e)      Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

f)      mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

4

g)    mediators, arbitrators, or other dispute resolution neutrals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

h)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information.

i)    The Court and its personnel.

6.    A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7.    Documents, information, or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, and the knowledge of the existence of such Protected Material shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.    To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer

5

source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "CONFIDENTIAL - SOURCE CODE."

9.      For Protected Material designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–c) and (e–j); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10.      For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–g); provided, however, that the designating Party shall accommodate reasonable requests to provide summary information to in-house counsel designated pursuant to paragraph 5(c) who exercise no competitive decision-making authority on behalf of the client and reasonably require access to such information.

11.      For Protected Material designated CONFIDENTIAL - SOURCE CODE, the following additional restrictions apply:

a)      Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to a printer. Additionally, except as provided in paragraph 11(k) below, the stand-alone computer(s) will be located at the office of Keker, Van Nest & Peters LLP at 633 Battery Street, San Francisco, CA 94111. The stand-alone computer(s) shall have disk encryption and be password protected. Use or possession of any input/output device (e.g., USB memory stick,

6

mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code.  All persons entering the locked room containing the stand-alone computer(s) must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the stand-alone computer(s).  The producing Party may periodically "check in" on the activities of the receiving Party's representatives during any stand-alone computer review and may visually monitor the activities of the receiving Party's representatives from outside the room in which the stand-alone computer(s) is located, but only to ensure that no unauthorized electronic records of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way.  The producing Party may not record (visually, audibly or by other means) the activities of the receiving Party's representatives.

b)      The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the office of Keker, Van Nest & Peters LLP shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

c)    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

d)    The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above.  The parties are engaged in meet-and-confer negotiations regarding the potential use of source code review software or tools (including but not limited to tools based on large language models) on the stand-alone computer. Before any such tools are used, the Receiving Party must provide details regarding the tools they would like to use, and the Receiving Party must be given a reasonable time to evaluate the proposal.  Any such tools can only be used with the producing Party or the Court's approval, and must be a closed-loop (i.e., "on the box") system that operates when not connected to the Internet.  Any such tools must not require the producing Party to provide technical support or assistance to the Receiving Party beyond the initial installation of such tool, and producing Party shall have no obligation to provide such support or assistance.  To the extent necessary and upon good-faith discussion between the Parties, the receiving Party will reimburse the producing Party of the expense for the Source Code Computers and the source code review software or tools, or alternatively, provide to the producing Party Source Code Computers with source code review software or tools installed at the receiving Parties' expense.

e)    Access to Source Code Material shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (i.e., not existing employees or affiliates of a Party or

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that such personnel helping in the

an affiliate of a Party or competitor identified by the producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.  A receiving Party may include excerpts of Source Code Material in an exhibit to a pleading, expert report, or deposition transcript (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

f)    To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as CONFIDENTIAL - SOURCE CODE.

g)    Except as set forth in paragraph 11(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party. The receiving Party may create an electronic copy or image of limited excerpts of Source Code Material only to the extent necessary to create Source Code Exhibits or any drafts of these documents. The receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used. Images or copies of Source Code Material shall not be included in correspondence between parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The receiving Party may create an electronic image of a selected portion of the Source Code Material only when the electronic file containing such image has

---

analysis of Source Code Material shall be disclosed pursuant to Paragraph 5(e).

9

been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "CONFIDENTIAL – SOURCE CODE."  If Source Code Documents are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures, and orders.

h)      No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "CONFIDENTIAL - SOURCE CODE" material, except that the receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.  In no event may the Receiving Party print more than 40 consecutive pages or an aggregate total of more than 750 total pages, of source code during the duration of the case without prior written approval by the producing Party. The receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (a) in the first instance.  Within 4 business days or such additional time as necessary due to volume requested, the producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "CONFIDENTIAL - SOURCE CODE" unless objected to as discussed below.

i)      Should such printouts or photocopies be permissibly transferred back to electronic media, such media shall be labeled "CONFIDENTIAL - SOURCE CODE" and shall continue to be treated as such.

10

j) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the workspace of such outside counsel, consultant, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies to a designated location, provided that the printouts or photocopies are kept in a secure manner that ensures access is limited to the persons authorized under this Order (e.g., a hotel prior to a Court proceeding or deposition).

k) A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(e) above to another person authorized under paragraph 11(e) above, on paper via hand carry. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except as is reasonably necessary for filing any Source Code Material with the Court and related service on the producing Party.

l) The Receiving Party's Outside Counsel and/or experts/consultants shall be entitled to take electronic or handwritten (hard copy) notes relating to the Source Code Material; such notes may not copy portions of the Source Code into the notes (though the receiving Party may make reference to words and phrases that appear in such Source Code). No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Each page of any notes shall be deleted or destroyed by the

11

producing Party, without reviewing the substance of the notes, upon discovery. Each page of any such notes containing Source Code information, and any additional notes, analyses, or descriptions relating thereto, must be marked as "HIGHLY CONFIDENTIAL – SOURCE CODE." For the purpose of taking notes electronically and printing such notes only, the producing Party shall provide one non-networked computer (with all internet, network, and camera capabilities disabled). Printing requests for the Receiving Party's electronic source code notes may be made to the producing Party, who will facilitate printing without review.

m)	A list of names of persons who will review Source Code Material on the stand-alone computer(s) will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection. Prior to the first inspection of any Source Code Material on the stand-alone computer(s), the receiving Party shall provide five (5) business days' notice to schedule the initial inspection with the producing Party. The receiving Party shall provide three (3) business days' notice in advance of scheduling any additional inspections. Such notice shall include the names and titles for every individual from the receiving Party who will attend the inspection. The producing Party may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart;

n)	The receiving Party's outside counsel shall maintain a log of all copies of the Source Code Printouts (received from a producing Party) that are delivered by the receiving Party to any person and a log of any electronic images of Source Code Material. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the producing Party, the receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving Party and/or person that receives a copy of any portion of the source code; and

o)      Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

p)      While testifying at deposition or trial in this action only, any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the "CONFIDENTIAL - SOURCE CODE" Information or Items, as evident from its face or reasonably certain in view of other testimony or evidence, are permitted to view such "CONFIDENTIAL – SOURCE CODE" Information or Items. Persons authorized to view "CONFIDENTIAL - SOURCE CODE" Information or Items pursuant to this sub-paragraph shall not retain or be given copies of the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items except while so testifying.

12.      For a Party asserting patents in this Action, any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, and/or CONFIDENTIAL - SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party asserting patents shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute,

13

supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE MATERIAL from participating in a PTO proceeding, e.g., IPR or PGR, except for that person shall not participate—directly or indirectly—in the amendment of any claim(s).

13.     Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving Protected Material shall comply with all applicable export control statutes and regulations. *See, e.g.*, 15 CFR 734.

14.     Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. Pursuant to Federal Rule of Evidence 502(d) and (e), if documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is produced, such production shall in no way independently prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Any Party that produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the produced documents, information, or other material. The recipient(s) shall gather and return all copies of such

14

documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

15.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.  If a receiving Party or person authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach; (2) promptly provide written notice to Designating Party of such breach, including information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

16.     Use of Artificial Intelligence and Large Language Models.  DESIGNATED MATERIAL, and all information derived therefrom, shall not be submitted to any Large Language Model ("LLM") or Artificial Intelligence ("AI") tool that does not maintain confidentiality of data submitted and/or stored in such tool or that is trained or fine-tuned based on data submitted and/or stored in such tool ("Non-Confidential AI Tools").  DESIGNATED MATERIAL or information derived therefrom may only be submitted to an AI tool that securely maintains confidential information ("Confidential AI Tool") if the Receiving Party ensures that:

15

a)      the DESIGNATED MATERIAL or information derived therefrom, and all information generated by the Confidential AI Tool, including residual information stored in the Confidential AI Tool, as a result of the submission of DESIGNATED MATERIAL or information derived therefrom, may be, and is, deleted from the Confidential AI Tool at the close of the litigation;

b)      the Confidential AI Tool is utilized with industry standard data security safeguards and the DESIGNATED MATERIAL or information derived therefrom available in such tool is not accessible by anyone outside the boundaries of this Protective Order;

c)      DESIGNATED MATERIAL or information derived therefrom is not used to train, finetune, or otherwise modify any AI Tools or models; and

d)      the requirements set forth in subsections (a) through (c) above apply equally to any downstream third-party tools or services integrated with the Confidential AI Tool.

Providing DESIGNATED MATERIAL or information derived therefrom to any Non-Confidential AI Tool is considered unauthorized disclosure to a third party. Nothing in this provision limits the producing Party's ability to use or disclose its own documents and information. Nothing in this provision reduces or eliminates any existing rights or obligations set forth elsewhere in this Protective Order, including those set forth in Paragraph 11 governing CONFIDENTIAL – SOURCE CODE information and Paragraph 26 governing the final disposition of DESIGNATED MATERIAL.

17.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the

designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

18.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.

19.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption

17

and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

20.    The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

21.    A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

22.    Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

18

23. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

24. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL - SOURCE CODE" any documents, information, or other material, in whole or in part, produced by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

25. If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – SOURCE CODE" that Party must:

a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena, or court order; and,

b) promptly notify in writing the person who caused the subpoena, or order to issue in the other litigation that some or all of the material covered by the subpoena or order is

19

subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order.

If the Designating Party timely[3] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

26.    Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda, reports, or briefs of the Parties), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

27.    The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.

---

[3] The Designating Party shall have at least 14 days from the service of the notification pursuant to Section 10(a) to seek a protective order.

The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

28.    Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

29.    Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

30.    Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

31.    Any person in possession of DESIGNATED MATERIAL will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of DESIGNATED MATERIAL.  The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to DESIGNATED MATERIAL solely to personnel and purposes authorized by this Order.  As part of these Safeguards, each person will use a secure transfer method for all transfers or

21

communication of DESIGNATED MATERIAL, and take reasonable measures to password protect and encrypt DESIGNATED MATERIAL.  Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of DESIGNATED MATERIAL.

32.     Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  The United States District Court for the Western District of Texas is responsible for the interpretation and enforcement of this Order. After final disposition of this litigation, the provisions of this Order shall continue to be binding except with respect to that Disclosure or Discovery Material that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following final disposition of this litigation.  All disputes concerning Protected Material produced under the protection of this Order shall be resolved by the United States District Court for the Western District of Texas.

33.     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

34.     No Agreement Concerning Discoverability. The identification or agreed upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the Parties that the disclosure of such categories of Disclosure and Discovery Material is required or appropriate in this action. The Parties reserve the right to argue that any particular category of Disclosure and Discovery Material should not be produced.

35.     At any point, a Party may seek to designate and protect previously produced Protected Material as Highly Sensitive Documents/Information (HSD/HSI).  The Parties will follow any applicable court orders regarding the procedures for HSD/HSI.

36.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

**IT IS SO STIPULATED.**

**SIGNED** this 12th day of August, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

23

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| DAEDALUS PRIME LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 7:25-cv-00313-DC-DTG |
| | § | |
| v. | § | Jury Trial Demanded |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS**
**REGARDING AMENDED PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

My current employer is _____. My

current occupation is _____.

2.    I have received a copy of the Amended Protective Order in this action. I have

carefully read and understand the provisions of the Amended Protective Order.

3.    I will comply with all of the provisions of the Amended Protective Order. I will

hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will

use only for purposes of this action any information designated as "CONFIDENTIAL,"

"CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE

ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" that is disclosed to

me.

24

25

4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Amended Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Date:          _____

Signature:     _____

25