**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| DAEDALUS PRIME LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 7:25-CV-00313-DC-DTG<br><br>Jury Trial Demanded |

# DEFENDANT GOOGLE, LLC'S AMENDED ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND DAMAGES

Defendant, Google, LLC ("Google" or "Defendant") demands a trial by jury on all issues so triable and hereby answers the Complaint for Patent Infringement and Damages filed by Plaintiff Daedalus Prime LLC ("Daedalus" or "Plaintiff"). Defendant denies infringement of any claim of the Asserted Patents, denies that any claim of the Asserted Patents is valid, and denies that Plaintiff is entitled to the relief requested or any other relief. Defendant denies the allegations and characterizations in the Complaint unless expressly admitted in the following paragraphs. Defendant denies any allegations that may be implied or inferred from the headings contained in the Complaint. Any admitted factual allegation is admitted only as to the specific admitted fact(s), and not as to any purported conclusion, characterization, implication, or speculation that may follow from the fact(s) Google admits.

## INTRODUCTION

1. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and, on that basis, denies them.

## PARTIES

2. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and, on that basis, denies them.

3. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and, on that basis, denies them.

4. Google admits that it is a limited liability company organized and existing under the laws of Delaware. Google admits that its registered agent in Texas is Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

5. Google admits that it has an office at 500 West 2nd Street, Austin, Texas 78701; 601 West Second Street, Austin, Texas 78701; and 901 East 5th Street, Austin, Texas 78701. Except as expressly admitted, Google denies the remaining allegations in this Paragraph of the Complaint.

6. Google denies the allegations in this Paragraph of the Complaint.

## JURISDICTION AND VENUE

7. This paragraph states legal conclusions to which no response is required. To the extent that a further response is required, Google admits that this action purports to be brought under 28 U.S.C. §§ 1331 and 1338(a), under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. To the extent implied, Google denies that it infringes any of Plaintiff's patents.

8. Google admits that Google has at various times sold Pixel mobile phones that contain Tensor G1, G2, G3, and G4 SOCs. Google denies the allegations in this Paragraph insofar as Plaintiff alleges that Google designed all components contained in the Tensor SOCs and/or Axion microprocessors. Google further denies this allegation insofar as it alleges that Google sells standalone Tensor SOCs or Axion microprocessors.

9. Google admits—for purposes of this action only—that it is subject to this Court's personal jurisdiction. Google admits that it conducts business throughout the United States, including in Texas. Google admits that some of its products and/or services are offered to customers and potential customers located in this judicial district. Google specifically denies that it has committed acts of infringement in this District, the State of Texas, or elsewhere, and denies any remaining allegations in this Paragraph of the Complaint.

10. This paragraph states legal conclusions to which no response is required. To the

extent that a further response is required, Google denies that it has committed any acts of infringement in this District or the State of Texas, or anywhere else. Google admits that venue is proper in this district under 28 U.S.C. § 1400(b) for purposes of this particular action only but denies that it is convenient or in the interests of justice under 28 U.S.C. § 1404(a). Google denies any remaining allegations in this Paragraph of the Complaint.

11. Google admits that it has physical facilities and employees in Texas, including in the Western District of Texas. Google denies that venue in this district is convenient or in the interests of justice under 28 U.S.C. § 1404(a).

12. Google admits that it has an office in Austin, Texas. Google admits that the first article cited appears to be an article dated June 18, 2019, from www.builtinaustin.com titled "Google is Opening New Offices in Austin and a Data Center in Midlothian." Google admits that the second article cited is an article dated July 19, 2024, from www.facilitiesnet.com titled "Austin's Growth Fueled by Google's Block 185." Google admits that venue is proper under 28 U.S.C. § 1400(b) in this district for purposes of this particular action only but denies that it is convenient or in the interests of justice under 28 U.S.C. § 1404(a).

13. Google admits that this Paragraph appears to reproduce a job posting by Google for "Lead CPU Design Verification Engineer, Silicon" to be based in either Austin, Texas; Mountain View, California; or two other offices and a job posting by Google for "CPU RTL Engineer" to be based in Austin, Texas. Google has insufficient information about the provenance of these screenshots and therefore cannot admit or deny their accuracy. Google denies that venue in this district is convenient or in the interests of justice under 28 U.S.C. § 1404(a).

## THE ASSERTED PATENTS

14. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and, on that basis, denies them.

## U.S. PATENT NO. 8,775,833

15. This paragraph states legal conclusions to which no response is required. To the

extent that a further response is required, Google admits that Appendix A appears to be a copy of the ’833 Patent. Google admits that the face of the ’833 Patent indicates that it is titled “Dynamically Allocating a Power Budget Over Multiple Domains of a Processor.” Google admits that the face of the ’833 Patent indicates that the issue date is July 8, 2014. To the extent implied, Google denies that the ’833 Patent is valid. Google denies the remaining allegations in this Paragraph of the Complaint.

16. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph of the Complaint and, on that basis, denies each and every allegation therein. Google denies that it infringes the ’833 Patent.

17. Google admits that this Paragraph appears to quote from the ’833 Patent. Google denies that it infringes the ’833 Patent. Google denies any remaining allegations in this Paragraph of the Complaint.

18. Google denies that the ’833 Patent reflects a novel invention. Google admits that this Paragraph appears to quote from the ’833 Patent. Google denies any remaining allegations in this Paragraph of the Complaint.

19. Google admits that this Paragraph quotes from and appears to reproduce a figure from the ’833 Patent. Google denies any remaining allegations in this Paragraph of the Complaint.

**U.S. PATENT NO. 8,898,494**

20. This paragraph states legal conclusions to which no response is required. To the extent that a further response is required, Google admits that Appendix B appears to be a copy of the ’494 Patent. Google admits that the face of the ’494 Patent indicates that it is titled “Power Budgeting Between a Processing Core, A Graphics Core, And a Bus on an Integrated Circuit When a Limit is Reached.” Google admits that the face of the ’494 Patent indicates that the issue date is November 25, 2014. To the extent implied, Google denies that the ’494 Patent is valid. Google denies the remaining allegations in this Paragraph of the Complaint.

21. Google is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this Paragraph of the Complaint and, on that basis, denies each and every allegation therein. Google denies that it infringes the ’494 Patent.

22. Google admits that this Paragraph appears to quote from the ’494 Patent. Google denies that it infringes the ’494 Patent. Google denies any remaining allegations in this Paragraph of the Complaint.

23. Google denies that the ’494 Patent reflects a novel invention. Google admits that this Paragraph appears to quote from the ’494 Patent. Google denies that it infringes the ’494 Patent. Google denies any remaining allegations in this Paragraph of the Complaint.

24. Google admits that this Paragraph appears to quote from and reproduce a figure from the ’494 Patent. Google denies that it infringes the ’494 Patent. Google denies any remaining allegations in this Paragraph of the Complaint.

## U.S. PATENT NO. 10,372,197

25. This paragraph states legal conclusions to which no response is required. To the extent that a further response is required, Google admits that Appendix C appears to be a copy of the ’197 Patent. Google admits that the face of the ’197 Patent indicates that it is titled “User Level Control of Power Management Policies.” Google admits that the face of the ’197 Patent indicates that the issue date is August 6, 2019. To the extent implied, Google denies that the ’197 Patent is valid. Google denies any remaining allegations in this Paragraph of the Complaint.

26. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph in the Complaint and, on that basis, denies each and every allegation therein. Google denies that it infringes any of the Asserted Patents.

27. Google admits that this Paragraph appears to quote from the ’197 Patent. Google denies that it infringes the ’197 Patent. Google denies any remaining allegations in this Paragraph of the Complaint.

28. Google denies that the ’197 Patent reflects a novel invention. Google admits that this Paragraph appears to reproduce a quote from the ’197 Patent. Google denies that it infringes the ’197 Patent. Google denies any remaining allegations in this Paragraph of the Complaint.

29. Google admits that this Paragraph appears to quote from and reproduce a figure from the ’197 Patent. Google denies any remaining allegations in this Paragraph of the Complaint.

**U.S. PATENT NO. 8,984,228**

30. This paragraph states legal conclusions to which no response is required. To the extent that a further response is required, Google admits that Appendix D appears to be a copy of the ’228 Patent. Google admits that the face of the ’228 Patent indicates that it is titled “Providing Common Caching Agent for Core and Integrated Input/Output (IO) Module.” Google admits that the face of the ’228 Patent indicates that the issue date is March 17, 2015. To the extent implied, Google denies that the ’228 Patent is valid. Google denies any remaining allegations in this Paragraph of the Complaint.

31. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph in the Complaint and, on that basis, denies each and every allegation therein. Google denies that it infringes any of the Asserted Patents.

32. Google admits that this Paragraph appears to quote from the ’228 Patent. Google denies that it infringes the ’228 Patent. Google denies any remaining allegations in this Paragraph of the Complaint.

33. Google denies that the ’228 Patent reflects a novel invention. Google admits that this Paragraph appears to be a quote from the ’228 Patent. Google denies that it infringes the ’228 Patent. Google denies any remaining allegations in this Paragraph of the Complaint.

34. Google admits that this Paragraph appears to quote from and reproduce a figure from the ’228 Patent. Google denies any remaining allegations in this Paragraph of the Complaint.

**U.S. PATENT NO. 11,507,167**

35. This paragraph states legal conclusions to which no response is required. To the extent that a further response is required, Google admits that Appendix E appears to be a copy of the ’167 Patent. Google admits that the face of the ’167 Patent indicates that it is titled

"Controlling Operating Voltage of a Processor." Google admits that the face of the '167 Patent indicates that the issue date is November 22, 2022. To the extent implied, Google denies that the '167 Patent is valid. Google denies any remaining allegations in this Paragraph of the Complaint.

36. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph in the Complaint and, on that basis, denies each and every allegation therein. Google denies that it infringes any of the Asserted Patents.

37. Google admits that this Paragraph appears to quote from the '167 Patent. Google denies that it infringes the '167 Patent. Google denies any remaining allegations in this Paragraph of the Complaint.

38. Google denies that the '167 Patent reflects a novel invention. Google admits that this Paragraph appears to contain a quote from the '167 Patent. Google denies that it infringes the '167 Patent. Google denies any remaining allegations in this Paragraph of the Complaint.

39. Google admits that this Paragraph appears to quote from and reproduce a figure from the '167 Patent. Google denies any remaining allegations in this Paragraph of the Complaint.

**FIRST COUNT**
**(INFRINGEMENT OF U.S. PATENT NO. 8,775,833)**

40. Google repeats and incorporates by reference its responses to the allegations contained in each preceding paragraph as if fully set forth herein.

41. This paragraph states legal conclusions to which no response is required. To the extent that a further response is required, Google admits the '833 Patent underwent inter partes review, and Paper 27 of IPR2023-01335 states that the PTAB found that the petitioner in that action had failed to establish the unpatentability of claims 14, 15, 17, and 18. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the PTAB's review in this Paragraph and, on that basis, denies them. Google denies the remaining allegations of this Paragraph.

42. Google admits that it sells products that include Tensor SOCs or Axion

microprocessors. Otherwise denied.

43. Google denies the allegations in this Paragraph of the Complaint.

44. Google denies the allegations in this Paragraph of the Complaint.

45. Google denies the allegations in this Paragraph of the Complaint.

46. Google denies the allegations in this Paragraph of the Complaint.

47. Google denies the allegations in this Paragraph of the Complaint.

48. Google denies the allegations in this Paragraph of the Complaint.

49. Google denies the allegations in this Paragraph of the Complaint.

50. Google denies the allegations in this Paragraph of the Complaint.

51. Google denies the allegations in this Paragraph of the Complaint.

## SECOND COUNT
## (INFRINGEMENT OF U.S. PATENT NO. 8,898,494)

52. Google repeats and incorporates by reference its responses to the allegations contained in each preceding paragraph as if fully set forth herein.

53. Google admits the ’494 Patent underwent inter partes review, and Paper 21 of IPR2023-01343 states that the PTAB found that the petitioner in that action had failed to establish the unpatentability of claims 1-7, 13-15, 17, and 18. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the PTAB’s review in this Paragraph and, on that basis, denies them. Google denies the remaining allegations of this Paragraph.

54. Google admits that it sells products that include Tensor SOCs or Axion microprocessors. Otherwise denied.

55. Google denies the allegations in this Paragraph of the Complaint.

56. Google denies the allegations in this Paragraph of the Complaint.

57. Google denies the allegations in this Paragraph of the Complaint.

58. Google denies the allegations in this Paragraph of the Complaint.

59. Google denies the allegations in this Paragraph of the Complaint.

60. Google denies the allegations in this Paragraph of the Complaint.

61. Google denies the allegations in this Paragraph of the Complaint.

62. Google denies the allegations in this Paragraph of the Complaint.

63. Google denies the allegations in this Paragraph of the Complaint.

## THIRD COUNT
## (INFRINGEMENT OF U.S. PATENT NO. 10,372,197)

64. Google repeats and incorporates by reference its responses to the allegations contained in each preceding paragraph as if fully set forth herein.

65. Google denies the allegations in this Paragraph of the Complaint.

66. Google admits that it sells products that include Tensor SOCs or Axion microprocessors. Otherwise denied.

67. Google denies the allegations in this Paragraph of the Complaint.

68. Google denies the allegations in this Paragraph of the Complaint.

69. Google denies the allegations in this Paragraph of the Complaint.

70. Google denies the allegations in this Paragraph of the Complaint.

71. Google denies the allegations in this Paragraph of the Complaint.

72. Google denies the allegations in this Paragraph of the Complaint.

73. Google denies the allegations in this Paragraph of the Complaint.

74. Google denies the allegations in this Paragraph of the Complaint.

75. Google denies the allegations in this Paragraph of the Complaint.

## FOURTH COUNT
## (INFRINGEMENT OF U.S. PATENT NO. 8,984,228)

76. Google repeats and incorporates by reference its responses to the allegations contained in each preceding paragraph as if fully set forth herein.

77. Google denies the allegations in this Paragraph of the Complaint.

78. Google admits that it sells products that include Tensor SOCs or Axion microprocessors. Otherwise denied.

79. Google denies the allegations in this Paragraph of the Complaint.

80. Google denies the allegations in this Paragraph of the Complaint.

81. Google denies the allegations in this Paragraph of the Complaint.

82. Google denies the allegations in this Paragraph of the Complaint.

83. Google denies the allegations in this Paragraph of the Complaint.

84. Google denies the allegations in this Paragraph of the Complaint.

85. Google denies the allegations in this Paragraph of the Complaint.

86. Google denies the allegations in this Paragraph of the Complaint.

87. Google denies the allegations in this Paragraph of the Complaint.

## FIFTH COUNT
## (INFRINGEMENT OF U.S. PATENT NO. 11,507,167)

88. Google repeats and incorporates by reference its responses to the allegations contained in each preceding paragraph as if fully set forth herein.

89. Google denies the allegations in this Paragraph of the Complaint.

90. Google admits that it sells products that include Tensor SOCs or Axion microprocessors. Otherwise denied.

91. Google denies the allegations in this Paragraph of the Complaint.

92. Google denies the allegations in this Paragraph of the Complaint.

93. Google denies the allegations in this Paragraph of the Complaint.

94. Google denies the allegations in this Paragraph of the Complaint.

95. Google denies the allegations in this Paragraph of the Complaint.

96. Google denies the allegations in this Paragraph of the Complaint.

97. Google denies the allegations in this Paragraph of the Complaint.

98. Google denies the allegations in this Paragraph of the Complaint.

99. Google denies the allegations in this Paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Google alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed

affirmative defenses by law, regardless of how such defenses are denominated herein. All defenses are pleaded in the alternative and do not constitute an admission of liability or that Plaintiff is somehow entitled to any relief whatsoever. In addition to the defenses listed below, Defendant specifically reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and all other defenses, at law or in equity, which may now exist or in the future be available based on discovery and further investigation of the case.

**FIRST AFFIRMATIVE DEFENSE**
**(FAILURE TO STATE A CLAIM)**

Plaintiff has failed to state a claim on which relief can be granted because Defendant has not performed and is not performing any act in violation of any right validly belonging to Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**
**(NONINFRINGEMENT OF THE PATENTS)**

Defendant does not infringe and has not infringed, directly, indirectly, contributorily, or by inducement, either literally or under the doctrine of equivalents, or otherwise, any valid and enforceable claim of the Asserted Patents.

**THIRD AFFIRMATIVE DEFENSE**
**(INVALIDITY)**

Plaintiff's purported claims for infringement of the Asserted Patents are barred because every claim of the Asserted Patents is invalid and/or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

**FOURTH AFFIRMATIVE DEFENSE**
**(LIMITATION ON DAMAGES AND OTHER RELIEF)**

Plaintiff's right to seek damages and other remedies from Defendant is limited by 35 U.S.C. §§ 285, 286, 287, and/or 288, and may additionally be limited by 28 U.S.C. § 1498. For

example, Plaintiff's recovery may be limited to the extent that Daedalus, its predecessors-in-interest, or its licensees failed to properly mark in compliance with 35 U.S.C. § 287 or otherwise give proper notice that Defendant's actions allegedly infringed Daedalus's patents.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**
**(PROSECUTION HISTORY ESTOPPEL)**

Plaintiff is estopped based on amendments, statements, representations, and admissions made during prosecution of the applications that led to the Asserted Patents from asserting any interpretation of the claims of the Asserted Patents that would be broad enough to cover any of Defendant's products or methods alleged to infringe the Asserted Patents.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**
**(EQUITABLE DOCTRINES)**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, acquiescence, estoppel, unclean hands, and/or other equitable doctrines.

**<u>SEVENTH AFFIRMATIVE DEFENSE</u>**
**(NO WILLFUL INFRINGEMENT OR ATTORNEYS' FEES)**

Plaintiff is not entitled to enhanced or increased damages for willful infringement under 35 U.S.C. § 284, or recovery of attorneys' fees under 35 U.S.C. § 285, at least because Defendant has not engaged in any conduct that meets the applicable standard for willful infringement and has always acted in good faith. Further, Defendant has not infringed any claim of the Asserted Patents, and Plaintiff is therefore not entitled to enhanced or increased damages for willful infringement under 35 U.S.C. § 284, or recovery of attorneys' fees under 35 U.S.C. § 285 for at least that reason too.

**<u>EIGHTH AFFIRMATIVE DEFENSE</u>**
**(UNAVAILABILITY OF INJUNCTIVE RELIEF AND LOST PROFITS)**

Plaintiff is not entitled to injunctive relief or any other equitable relief at least because any alleged injury to Plaintiff is not irreparable and because, had Plaintiff been injured, it would have an adequate remedy at law in the form of monetary damages. Further, to the extent Plaintiff seeks lost profits, Plaintiff is not entitled to recover any purported lost profits because Plaintiff

did not plead or allege the loss of any profits as a result of lost sales caused by Defendant selling an allegedly infringing product.

**NINTH AFFIRMATIVE DEFENSE**
**(LICENSE EXPRESS OR IMPLIED)**

To the extent Google's activities are licensed, Plaintiff's claims are barred in whole or in part by express or implied license, including to the extent Google is a bona fide purchaser for value under 35 U.S.C. § 261.

**TENTH DEFENSE**
**(PATENT RIGHTS AND LACK OF STANDING)**

To the extent right, title, and interest in any of the asserted patents has been assigned or otherwise transferred to a third party such that Plaintiff alone does not possess sufficient right, title, and interest in those patents, Plaintiff lacks standing to bring infringement claims as to those patents.

**ELEVENTH DEFENSE**
**(PATENT EXHAUSTION)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of patent exhaustion to the extent that Plaintiff has previously licensed its patents to other entities who have made authorized sales to Google of any articles or instrumentalities accused of infringement. Such authorized sales exhaust Plaintiff's patent rights and, accordingly, Plaintiff cannot recover for alleged infringement based on the subsequent use, resale, or importation of those articles.

**TWELFTH DEFENSE**
**(MOOTNESS—CANCELLATION OF ASSERTED PATENT CLAIMS)**

Plaintiff's claims for relief, in whole or in part, are moot. At least some claims of the asserted patents have been or will be canceled in administrative proceedings, extinguishing Plaintiff's corresponding cause of action. Accordingly, Plaintiff can no longer maintain this action for infringement of those canceled patent claims, and its claims for relief based on those patent claims must be dismissed.

**THIRTEENTH DEFENSE**
**(COLLATERAL ESTOPPEL)**

Plaintiff's claims are limited, in whole or in part, by collateral estoppel. At least some claims of the asserted patents have been previously litigated in judicial and administrative proceedings. Plaintiff is estopped from raising arguments on issues that have already been decided.

**JURY TRIAL DEMAND**

Defendant hereby requests a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable raised in the pleadings.

**GOOGLE'S PRAYER FOR RELIEF**

WHEREFORE Defendant Google requests relief as follows:

A. A dismissal with prejudice of Daedalus's Complaint against Defendant;

B. A judgment in favor of Defendant, denying Daedalus any and all relief sought, including injunctive relief;

C. Awarding Google expenses, costs, and attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d);

D. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Defendant its fees and expenses of litigation, including, but not limited to, attorneys' fees and costs; and

E. Such other and further relief as the Court deems just, equitable, and proper.

Dated: September 22, 2026

Respectfully submitted,

By: */s/ David Silbert*

David Silbert (*pro hac vice*)
dsilbert@keker.com
Erin E. Meyer (*pro hac vice*)
emeyer@keker.com
Christopher S. Sun (*pro hac vice*)
csun@keker.com

Andrew S. Bruns (*pro hac vice*)
abruns@keker.com
Vishesh Narayen (*pro hac vice*)
vnarayen@keker.com
Ryan J. Hayward (*pro hac vice*)
rhayward@keker.com
Jacquie Andreano (*pro hac vice*)
jandreano@keker.com
Jacqueline Concilla (*pro hac vice*)
jconcilla@keker.com
Niharika Sachdeva (*pro hac vice*)
nsachdeva@keker.com
Niharika Sachdeva (*pro hac vice*)
nsachdeva@keker.com
Seraj Desai (*pro hac vice*)
sdesai@keker.com

KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
Tel: 415-391-5400

Nate St. Clair, II
nstclair@jw.com
JACKSON WALKER LLP
323 Ross Ave #600
Dallas, TX 75201
(214) 953-6000

Attorneys for Defendant
GOOGLE LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the parties, or the attorney(s) of record for all parties to the above cause in accordance with the Federal Rules of Civil Procedure on this 22nd day of September 2026.

*/s/ Paige V. Welch*
Paige V. Welch