# EXHIBIT 13

BLUE PEAK
LAW GROUP LLP

May 28, 2026

[Via Email]

Vishesh Narayen, Esq.
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

RE: *Daedalus Prime LLC v. Google LLC*,
No. 7:25-cv-00313-DC-DTG (W.D. Tex.)

Dear Vishesh:

Thank you for your May 11, 2026 letter. We have reviewed Google's request in detail, and after working through it, Daedalus is not currently in a position to agree to a pre-discovery stipulation foreclosing pre-suit damages under 35 U.S.C. § 287. Our reasoning is as follows:

First, marking is not the whole question. Section 287(a) gives two paths to pre-suit damages: marking compliance or actual notice. *See* 35 U.S.C. § 287(a) ("In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice."); *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) (reviewing statutory text, constructive notice via marking, and actual notice). Even if the marking analysis lands where Google suggests, that does not resolve actual notice, and Daedalus has not yet had a chance to develop that record.

Second, the parties' stipulation filed at Dkt. 37 has already set time aside for the parties to conduct discovery regarding notice. When the parties stipulated to Dkt. 37, Daedalus dismissed the pre-suit indirect and willful infringement claims without prejudice in exchange for a three-month window at the front of fact discovery to develop those issues. Pre-suit notice, including what predecessors-in-interest communicated to Google about the asserted patents, and what Google may already have known, sits inside that window. A stipulation that effectively decides § 287 before that discovery even has a chance to begin will run counter to what the parties agreed.

Third, your letter addresses only three of the asserted patents: U.S. Patent No. 8,775,833, U.S. Patent No. 8,898,494, and U.S. Patent No. 10,372,197. Setting aside whether or not Google has set forth facts sufficient to meet its initial burden of production for those patents, your letter does not address U.S. Patent No. 8,984,228 and U.S. Patent No. 11,507,167 at all. Those two patents have both been asserted in this case. Section 287 runs patent-by-patent, so a portfolio-wide stipulation is hard to square with the current state of Google's analysis.

BLUE PEAK
LAW GROUP LLP

Accordingly, we do not believe that the time is yet ripe to discuss whether pre-suit damages should be removed from this litigation. We are open to revisiting these issues after the conclusion of the parties' already agreed discovery on notice, provided that Google also meets its initial burden of production for all five patents-in-suit.

For these reasons and others, while we also appreciate Google's offer to forego any attempt at fee shifting, we do not see this as the sort of case those provisions are meant to reach.

Nothing here is meant as a waiver or concession of any right, defense, or argument. Daedalus reserves all rights.

Sincerely,

/s/ Richard Koehl

Richard Koehl
Blue Peak Law Group LLP
(737) 346-6600
richard@bluepeak.law