# EXHIBIT 14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **VDPP, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NO. 7:25-CV-00546-DC-DTG** |
| | § | |
| | § | |
| **Pelco, Inc.,** | § | |
| | § | |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION REGARDING**
**DEFENDANT'S MOTION TO DISMISS (DKT. NO. 14)**

**TO: THE HONORABLE DAVID COUNTS,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is the defendant, Pelco, Inc.'s Motion to Dismiss the Complaint (Dkt. No. 14). After careful consideration of the briefs, arguments of counsel, and the applicable law, the undersigned **RECOMMENDS** that the Motion be **DENIED-IN-PART** and **GRANTED-IN-PART.**

## I. BACKGROUND

The plaintiff, VDPP, LLC, claims that the defendant, Pelco, Inc., infringes on two patents—U.S. Patent No. 10,021,380 (the '380 patent) and U.S. Patent No. 9,716,874 (the '874

patent). *See* Dkt. No. 1 at 1. The ’380 patent is titled, “Faster State Transitioning for Continuous Adjustable 3Deeps Filter Spectacles Using Multi-Layered Variable Tint Materials.” Dkt. No. 1 ¶ 6. It “relates to a method and system for modifying an image.” *Id.* ¶ 7. It was filed on February 28, 2018, issued on July 10, 2018, and claims priority to patent applications dating back to 2002. Dkt. No. 1-1 at 2-3. The ’874 patent is titled, “Continuous Adjustable 3Deeps Filter Spectacles for Optimized 3Deeps Stereoscopic Viewing, Control Method and means therefore, and System and Method of Generating and Displaying a Modified Video.” Dkt. No. 1 ¶ 11. It claims methods and apparatuses that capture, store, modify, and blend images from videos to generate a combined image. *Id.* ¶ 12. It was filed on July 15, 2016, issued on July 25, 2017, and claims priority to applications dating back to 2002. Dkt. No. 1-3 at 2-3. The Original Complaint fails to specifically identify the accused infringing products, and only contends that the defendant “maintains, operates, and administers systems, products, and services” that infringe claims of the asserted patents. Dkt. No. 1 at 3-4 (¶¶ 8, c). The charts attached to the Original Complaint, however, chart claim 16 of the ’380 patent, which is an apparatus claim, and claim 1 of the ’875 patent, which is a method claim, against the defendant’s “Spectra Enhanced 7 Series System.” Dkt. No. 1-2 at 4, Dkt. No. 1-4 at 4.

Rather than file an answer to the complaint, the defendant filed the present motion to dismiss. The motion asks the Court to dismiss the claims based on the ’380 patent because of the plaintiff’s alleged failure to comply with the marking requirements. It also asks the Court to dismiss the plaintiff’s complaint for failing to state a claim for direct infringement under either patent. Finally, it asks the Court to dismiss the Original Complaint with prejudice because the plaintiff cannot correct the deficiencies in the Original Complaint. Dkt. No. 14.

## II. LEGAL STANDARD

The patent statute requires a patent owner to mark its goods or provide notice to potential infringers. 35 U.S.C. § 287(a). Failure to satisfy the marking requirement limits the damages available to a patent owner. *See Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017). The marking requirement applies equally to licensees who make products under the patent. *Id*. at 1366. The burden of pleading and proving compliance with the marking statute falls on the plaintiff. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996). There are, however, exceptions to the marking requirement such as when neither the patent owner nor licensees make any patented products. *Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020).

To survive the defendant's motion to dismiss under Rule 12(b)(6), the plaintiff's complaint needs to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff meets this standard if the facts as plead allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plaintiff is not required to prove its case at the pleading stage. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal citations omitted). This flexible standard requires the plaintiff to provide notice of what it is accusing of infringement. *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013); *see also Golden v. Apple Inc.*, 819 F. App'x 930, 930–31 (Fed. Cir. 2020) (holding that patent infringement claims "are subject to the pleading standards established by *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662.). While "[a] plaintiff is not required to plead infringement on an element-by-element basis," its case may be susceptible to dismissal when it plead allegations that are inconsistent with infringement. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (citations omitted). When deciding this motion, the Court takes all well-pleaded facts as true

and views them in the light most favorable to the plaintiff. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).

## III. ANALYSIS

The defendant's motion asserts two arguments for dismissing the '380 patent claims and one argument for dismissing the '874 patent claims. Dkt. No. 14. The first part of the defendant's motion attacks the plaintiff's failure to comply with the marking requirements for the '380 patent. *Id.* at 5. The second part of the defendant's motion attacks the plaintiff's compliance with the pleading requirements for both asserted patents. *Id.* at 8.

### A. The Plaintiff has Sufficiently Pleaded Compliance with the Marking Requirement.

The defendant's marking arguments are directed only at the '380 patent, which includes method and apparatus claims, and the plaintiff has alleged infringement of an apparatus claim. Dkt. No. 14 at 5; Dkt. No. 1-1; Dkt. No. 1-2. The defendant alleges that these claims should be dismissed because the plaintiff failed to comply with the marking statute, 35 U.S.C. § 287. Dkt. No. 14 at 5. The defendant alleges that because the '380 patent is expired and no future damages are available. *Id.* It further alleges that because it had no notice of the patent and because the plaintiff failed to allege sufficient facts to support compliance with the marking statute, the claims on this patent should be dismissed as no relief can be granted. Dkt. No. 14 at 6; Dkt. No. 17 at 4. Additionally, the defendant contends that the plaintiff's marking allegations are the same type of allegations that were recently rejected by the Federal Circuit in a case involving the same plaintiff's counsel. Dkt. No. 14 at 7 (citing *Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*, No. 2024-1783, 2025 WL 3653227 (Fed. Cir. Dec. 17, 2025)).

The plaintiff responds by contending that it has complied with the marking statute. It disputes the defendant's interpretation of the *Ortiz* case and asserts that it has complied with marking requirements. Dkt. No. 16 at 2. It contends that marking only addresses damages, and

Case 7:25-cv-00305-DC-DTG Document 11 Filed 01/30/26 Page 5 of 9

not its ability to assert infringement. *Id.* at 6. Additionally, it points to allegations in its Original Complaint as sufficient to adequately plead compliance with the marking statute. *Id.* at 7-8 (citing Dkt. No. 1 ¶¶ f-k).

The undersigned finds that the plaintiff has pleaded sufficient facts to survive the minimal pleading standard for marking. The plaintiff asserts that it is a non-practicing entity with no products and is therefore exempt from the marking requirements. Dkt. No. 16 at 7 (citing Dkt. No. 1 ¶ f). As noted by the defendant, that argument has been squarely rejected by the Federal Circuit. *Ortiz*, 2025 WL 3653227, n.4 (citing *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111-12 (Fed. Cir. 1996)). The plaintiff, however, has asserted additional facts to support marking, such as an allegation that it "has taken reasonable steps to ensure marking by any licensee," that it has "substantially complied with Section 287(a)," and allegations asserting that there are no patented articles that could be marked. Dkt. No. 1 at 4-5 (¶¶ f-h). These allegations may prove problematic for the plaintiff in this or other litigation, but the undersigned finds them sufficient to satisfy the pleading requirements.

The undersigned does not find the *Ortiz* case dispositive of the marking issues. As noted in that case, despite an initial motion to dismiss that identified the marking deficiency, the plaintiff in *Ortiz* "made no effort to plead compliance with the marking statute." *Ortiz*, 2025 WL 3653227, at *4 (noting that the plaintiff could have plead that it was not required to mark because the licensees' products "did not practice the asserted patents."). A review of the First Amended Complaint in *Ortiz*, demonstrates that the plaintiff made no allegations whatsoever in support of marking. *Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*, Case No. 3:23-cv-00791-N, Dkt. No. 20 (N.D. Tex. June 28, 2023). While the allegations here are minimal, the undersigned

finds them sufficient for the pleading stage. The undersigned **RECOMMENDS** that the motion to dismiss the ’380 patent for failure to mark should be **DENIED**.

**B. The Plaintiff Failed to Sufficiently Plead Direct Infringement.**

The defendant seeks dismissal of the claims for both patents for failure to adequately plead infringement of the ’380 and the ’874 patents. It contends that the plaintiff makes conclusory allegations about the removal requirement of claim element 16.3 of the ’380 patent. Dkt. No. 14 at 8-9. The defendant contends that the plaintiff makes similar conclusory allegations for different image portions of claim element 1.9 for the ’874 patent. *Id*. at 9. It notes that the plaintiff improperly points to third-party displays to satisfy claim element 16.6 of the ’380 patent. *Id*. at 9-10. Finally, the defendant contends that the plaintiff impermissibly points to the same image of “On-Screen Display (OSD) menu” in support of the separate second and fourth non-overlapping image requirements of claim elements 1.4 and 1.8 of the ’874 patent. *Id*. at 10-11.

The plaintiff attempts to respond to each of these points. The plaintiff contends that the ’380 chart attached to the Original Complaint cites to a portion of the Spectra Enhanced 7 Series “manual describing EIS and digital zoom functionality, which can only operate by reading consecutive frames from storage.” Dkt. No. 16 at 8. It contends that EIS—Electronic Image Stabilization—and digital zoom operate by scaling and cropping smaller regions within a full frame image. *Id*. at 8-9. The plaintiff also argues that the Spectra Enhanced 7 Series system necessarily displays the images, and that this and the defendant’s other objections are better suited for claim construction and fact discovery. *Id.* at 9-12. As an alternative, the plaintiff seeks leave to amend.

The undersigned is persuaded that the plaintiff has failed to adequately plead infringement. To begin, much of the argument by the plaintiff—such as how EIS and zoom work together or that the system necessarily displays images—are not included in the Original Complaint or the charts attached to it. *See* Dkt. Nos. 1, 1-2, & 1-4. For the ’380 patent, the chart relies on the same image and description to satisfy the claim elements 16.3 and 16.4, even though those elements require different images—“the first image frame” and “the second image frame.” Dkt. No. 1-2 at 5. Neither of those elements identify what is removed from either image frame to create the required modified image frames. *Id*. The chart does not include any of the explanations offered in the plaintiff’s response about how the accused systems operate or how digital zoom operates with electronic image stabilization. The evidence found at the link contained in the chart appears to contradict the plaintiff’s arguments as it states that “Digital Zoom and Image Stabilization cannot be used at the same time.” Dkt. No. 1-2 at 5 (citing <https://d2u758kmg05fsc.cloudfront.net/media/wpcontent/uploads/2020/06/24155340/C6653M_SpectraEnhanced-7_OperationsManual_062220.pdf> at 22). The claim chart for the ’874 patent similarly contains limited images and repeats the claim language in a conclusory way. Dkt. No. 1-4 at 5–7. *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-CV-00487-ADA, 2022 WL 23469, at *7 (W.D. Tex. Jan. 3, 2022) (finding that conclusory allegations fail to satisfy the plausibility standard). For these reasons, the undersigned **RECOMMENDS** that the defendant’s motion to dismiss for failure to plead direct infringement of either patent should be **GRANTED**.

**C. The Plaintiff Should be Allowed to Amend the Original Complaint**

The undersigned is persuaded that the plaintiff’s alternative request for leave to amend should be **GRANTED**. Courts are advised to grant leave to amend freely unless such amendment would be futile. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir.

2000); Fed. R. Civ. P. Rule 15(a)(2). Amending a complaint is futile when the amended complaint would fail to state a claim for relief upon which relief could be granted. *Id.* at 873 (collecting cases). This complaint has not already been amended, and on this record, the undersigned is not persuaded that the plaintiff would be unable to state a proper claim for relief. The defects in the complaint are potentially curable if the plaintiff pleads specific facts to support a finding that infringement is plausible for the accused products. The undersigned also reads Judge Albright's order directed at the plaintiff's counsel as barring complaints that initiate new lawsuits and not as barring the amendment of complaints that predated the order. *mCom IP,* CIVIL NO. 6:22-CV-00261-ADA, Dkt. No. 78 at 6 (citing the court's authority to protect "*future [not existing]* parties from vexatious, abusive, and harassing litigation.") (emphasis added). The undersigned is persuaded that leave to amend should be **GRANTED**.

As the undersigned recommends granting leave to amend, it also **RECOMMENDS** that the defendant's request to recover costs and seek attorneys' fees should be **DENIED** without prejudice to reasserting at a later time.

## IV. RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendant's Motion to Dismiss the Complaint be (Dkt. No. 14) be **DENIED** as to the failure to mark for the '380 patent but **GRANTED** as to the failure to state a claim of direct infringement of either patent—the '380 patent and the '874 patent. The undersigned further **RECOMMENDS** that the plaintiff's alternative request for leave to amend should be **GRANTED**. The undersigned further **RECOMMENDS** that the defendant's request to recover costs and seek attorneys' fees should be **DENIED** without prejudice to reasserting at a later time.

## V. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 30th day of June, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE